# COVINGTON & BURLING LLP

| | | |
|---|---|---|
| THE NEW YORK TIMES BUILDING<br>620 EIGHTH AVENUE<br>NEW YORK, NY 10018-1405<br>TEL 212.841.1000<br>FAX 212.841.1010<br>WWW.COV.COM | BEIJING<br>BRUSSELS<br>LONDON<br>NEW YORK<br>SAN DIEGO<br>SAN FRANCISCO<br>SILICON VALLEY<br>WASHINGTON | ROBERT D. WICK<br>TEL 202.662.5487<br>RWICK @ COV.COM |

January 21, 2011

*BY ELECTRONIC FILING*

The Honorable Denis R. Hurley
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

  Re: *Frank v. Trilegiant Corp., Inc.*, Case No. 10 Civ. 5211 (DRH) (ARL)

Dear Judge Hurley:

  This firm is counsel to defendant Chase Bank USA, N.A. ("Chase") in the above-captioned matter. I write pursuant to Rule 3.B of Your Honor's Individual Practice Rules to request a pre-motion conference concerning Chase's anticipated motion to dismiss the claims against Chase or in the alternative to stay those claims pending an arbitration among Plaintiff, Trilegiant, and 1-800-Flowers.

## Background

  Plaintiff David Frank alleges that in early 2009, he made a purchase over the internet from 1-800-Flowers.com and paid for his purchase with a credit card issued by Chase. (Compl. ¶ 15.) Shortly thereafter, charges from Trilegiant Corporation – a company that markets consumer membership programs – began to appear on his monthly credit card statements. (*Id.*) According to Plaintiff, he never agreed to enroll in a Trilegiant membership program and never authorized the Trilegiant charges that appeared on his credit card statements. (*Id.* ¶¶ 15-16, 30.) Instead, he asserts that 1-800-Flowers improperly gave his credit card number to Trilegiant, and that Trilegiant used this information to enroll him in a membership program without his consent. (*Id.* ¶¶ 61-80.)

  Plaintiff does not allege that Chase knew or approved of the alleged transfer of his credit card number from 1-800-Flowers to Trilegiant. To the contrary, he alleges that the transfer was made in violation of the rules that govern the credit card networks. (*Id.* ¶¶ 41-43.) He

COVINGTON & BURLING LLP

Page 2

nonetheless purports to sue Chase on behalf of a class of consumers who allegedly were charged for Trilegiant services without their consent. (*Id.* ¶¶ 49-58.) The claims against Chase are asserted under the Racketeer Influenced Corrupt Organizations Act ("RICO"), the Electronic Funds Transfer Act ("EFTA"), and common law theories of breach of contract and unjust enrichment.

### Motion to Stay

Chase understands that there is a contract between Plaintiff and Trilegiant that includes a mandatory arbitration clause, and that Trilegiant and 1-800-Flowers plan to move to compel arbitration.

This Court should stay the litigation of Plaintiff's claims against Chase until the conclusion of the arbitration sought by Trilegiant and 1-800-Flowers. Trilegiant and 1-800-Flowers are the primary defendants in this action; Chase's connection to the litigation is tenuous at best. Accordingly, Plaintiff would have no realistic possibility of recovering against Chase if he is unable to prevail in an arbitration against Trilegiant and 1-800-Flowers. Courts have found that circumstances like these support a stay. *See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983) ("it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration," a "decision … left to the district court … as a matter of its discretion to control its docket"); *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 856 (2d Cir. 1987) ("Broad stay orders are particularly appropriate if the arbitrable claims predominate the lawsuit and the nonarbitrable claims are of questionable merit.").

### Motion to Dismiss

Chase's only real connection to this case is the fact that the disputed charges appeared on a Chase credit card as opposed to a credit card issued by another bank. Plaintiff tries to create the appearance of a greater connection by referring to a 2006 settlement between Chase and certain state attorneys general, but that settlement is wholly unrelated to the claims asserted here. The 2006 settlement involved marketing for which *Chase* worked with membership services companies to market products to *Chase customers*. Here, Plaintiff alleges that *1-800-Flowers* worked with Trilegiant to offer products to *1-800-Flowers customers*. Chase became involved only because Plaintiff happened to use a Chase credit card to pay for his purchase from 1-800-Flowers. If Plaintiff had used a different bank's credit card to pay for his purchase, Chase would have no connection to this lawsuit. Thus, as discussed below, Plaintiff's allegations fail to sustain any of the claims he asserts against Chase.

***RICO***. Plaintiff's RICO claims fail because he has not adequately alleged that Chase committed a RICO predicate act. According to Plaintiff, Chase committed predicate acts of mail and wire fraud when it transmitted the Trilegiant charges that appear on his credit card

COVINGTON & BURLING LLP

Page 3

statements, but he alleges no facts demonstrating that Chase knowingly and intentionally participated in a scheme to defraud him. Plaintiff does not allege, for example, that Chase knew that 1-800-Flowers was improperly passing its customers' credit card numbers to Trilegiant. Nor does he allege that Chase knew that his credit card had been charged without his consent. While Plaintiff alleges that Chase "knew" of past complaints about Trilegiant and "failed to exercise ordinary care" in determining whether Trilegiant charges were authorized or unauthorized (Compl. ¶¶ 44, 129), these allegations are a far cry from a well-pleaded allegation that Chase knowingly and intentionally transmitted unauthorized charges as part of a scheme to defraud.

Nor can Plaintiff establish that Chase participated in the operation or management of a RICO enterprise. Under *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993), a plaintiff must establish that the defendant participated in "directing" the affairs of the alleged RICO enterprise. It is not enough if the defendant – like Chase here – is merely accused of providing a service that was used to facilitate someone else's wrongdoing.

*EFTA*. Plaintiff's EFTA claim essentially alleges that Chase aided and abetted Trilegiant's allegedly unauthorized assessment of charges against him. (Compl. ¶ 106.) Plaintiff cannot proceed against Chase on this theory because there is no aiding and abetting liability under the EFTA. *See, e.g., In re Easysaver Rewards Litig.*, No. 09-CV-2094, 2010 WL 3259752, at *17 (S.D. Cal. Aug. 13, 2010) ("EFTA does not reach those who aid and abet a statutory violation").

***Common Law Claims.*** Plaintiff's unjust enrichment claim fails because his account with Chase admittedly was governed by a written contract. His breach of contract claim fails because the supposed contract language invoked in the Complaint does not appear in his contract with Chase. The Court may consider the language of the contract in a motion to dismiss because Plaintiff referenced and relied on the contract in articulating his claim.

\*   \*   \*

Chase respectfully requests that the Court schedule a conference to address the anticipated motion.

Respectfully,

*Robert Wick* /NLR

Robert D. Wick

cc:   Counsel To All Parties
      (by email)