## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID FRANK, individually and on behalf of all others similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>TRILEGIANT CORPORATION, INC., AFFINION, INC., 1-800-FLOWERS.COM, INC., and CHASE BANK USA, N.A.,<br><br>Defendants. | Case No.<br>2:10-cv-05211-DRH - ARL |

## ANSWER OF DEFENDANT CHASE BANK USA, N.A.

Defendant Chase Bank USA, N.A. ("Chase"), by and through its undersigned counsel, hereby responds to plaintiff's complaint dated November 10, 2010 (the "Complaint") as follows:

Chase denies the allegations in the prefatory paragraph of the Complaint and the prayer for relief, as well as any allegations contained in any headings, footnotes, or any other text that is not contained in a numbered paragraph, except as expressly stated below.

1.      Chase admits that plaintiff brought this action against Chase and other defendants.  Chase lacks knowledge and information sufficient to form a belief as to why plaintiff brought this action.  Chase denies the remaining allegations contained in paragraph 1.

2.      Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and denies them on that basis.

3.      Chase denies the allegations contained in paragraph 3 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

4.      Chase denies the allegations contained in paragraph 4 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

5.      Chase denies the allegations contained in paragraph 5 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

6.       Chase admits that plaintiff purports to quote selected portions of a report issued by the United States Senate Committee on Commerce, Science and Transportation, and avers that the report speaks for itself.  Chase lacks knowledge and information sufficient to form a belief as to truth of the facts and opinions stated in the report.

7.      Chase admits that plaintiff purports to summarize portions of a report issued by the United States Senate Committee on Commerce, Science and Transportation, and avers that the report speaks for itself.  Chase lacks knowledge and information sufficient to form a belief as to truth of the facts and opinions stated in the report.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 and denies them on that basis.

8.      Chase admits that Trilegiant Corporation, Inc. ("Trilegiant") entered into a consent decree with certain attorneys general in 2006 that placed certain requirements on

2

Trilegiant.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 and denies them on that basis.

9.      Chase denies the allegations contained in paragraph 9 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

10.      Chase admits that plaintiff purports to bring the claims asserted in the Complaint, but denies that plaintiff's claims have merit.  Chase further admits that plaintiff purports to seek the relief stated in the Complaint, but denies that plaintiff is entitled to such relief.  Chase denies the remaining allegations contained in paragraph 10.

11.      Chase admits that this Court has subject matter jurisdiction over plaintiff's claims, but denies that plaintiff's claims have merit.

12.      Chase admits that this Court has subject matter jurisdiction over plaintiff's claims, but denies that plaintiff's claims have merit.

13.      Chase does not contest that it is subject to personal jurisdiction in New York for purposes of the claims asserted in this action, denies that those claims have merit, and denies all other allegations in paragraph 13 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

14.      Chase admits that venue in this District is proper, but denies that plaintiff's claims have merit.

15.      Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and denies them on that basis.

16.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and denies them on that basis.

17.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and denies them on that basis.

18.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and denies them on that basis.

19.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and denies them on that basis.

20.     Chase admits that it is a national banking association that is involved in the credit card business and admits that it is wholly owned by JPMorgan Chase & Co., but denies the remaining allegations contained in the first and third sentences of paragraph 20.  Chase admits the allegations contained in the fourth sentence of paragraph 20.

21.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and denies them on that basis.

22.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and denies them on that basis.

23.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and denies them on that basis.

24.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and denies them on that basis.

25.     Chase denies the allegations contained in paragraph 25 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

26.     Chase admits that in subpart (c) of paragraph 26 plaintiff purports to quote and describe pleadings and a settlement in a prior lawsuit involving Chase.  Chase refers to the settlement for a full and accurate statement of its contents, and Chase denies any allegations contained in paragraph 26(c) that are inconsistent with the settlement.  Chase denies the remaining allegations contained in paragraph 26(c).  Chase lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 and denies them on that basis.

27.     Chase admits that paragraph 27 purports to describe a settlement in a prior lawsuit.  Chase refers to the settlement for a full and accurate statement of its contents, and denies any allegations contained in paragraph 27 that are inconsistent with the settlement.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and denies them on that basis.

28.     Chase admits that plaintiff purports to quote selected portions of a report issued by the United States Senate Committee on Commerce, Science and Transportation, and avers that the report speaks for itself.  Chase lacks knowledge and information sufficient to form a belief as to truth of the facts and opinions stated in the report.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 and denies them on that basis.

29.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and denies them on that basis.

30.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and denies them on that basis.

31.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and denies them on that basis.

32.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and denies them on that basis.

33.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and denies them on that basis.

34.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and denies them on that basis.

35.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and denies them on that basis.

36.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and denies them on that basis.

37.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and denies them on that basis.

38.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and denies them on that basis.

39.     Chase denies the allegations contained in paragraph 39 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

40.     Chase admits that plaintiff purports to describe a settlement, and refers to that settlement for a full and accurate statement of its contents.  Chase denies any allegations contained in paragraph 40 that are inconsistent with the settlement.  Chase denies the remaining allegations contained in paragraph 40.

41.     Chase admits that it uses a variety of techniques to identify and prevent fraud and denies the remaining allegations contained in paragraph 41.

42.     Chase admits that plaintiff purports to quote selected portions of an alleged statement by Benjamin Edelman.  Chase lacks knowledge and information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 42.

43.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and denies them on that basis.

44.     Denied.

45.     Denied.

46.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and denies them on that basis.

47.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and denies them on that basis.

48.     Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 and denies them on that basis.

49.     Chase admits that plaintiff purports to bring a class action on behalf of himself and other persons and entities as provided in paragraph 49, but denies that plaintiff's claims have merit or that class certification is appropriate.

50.     Chase admits that plaintiff purports to exclude from the putative class certain persons as provided in paragraph 50.

51.     Chase admits that plaintiff purports to reserve certain alleged rights as provided in paragraph 51.

52.     Denied.

53.     The first sentence of paragraph 53 contains conclusions of law that do not require an answer, but to the extent an answer is required, they are denied.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 53 and denies them on that basis.

54.     Paragraph 54 contains conclusions of law that do not require an answer, but to the extent an answer is required, they are denied.

55.     The first sentence of paragraph 55 contains conclusions of law that do not require an answer, but to the extent an answer is required, they are denied.  Chase denies the allegations contained in the second sentence of paragraph 55 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

56.     Paragraph 56 contains conclusions of law that do not require an answer, but to the extent an answer is required, they are denied.

57.     Paragraph 57 contains conclusions of law that do not require an answer, but to the extent an answer is required, they are denied.

58.     Paragraph 58 contains conclusions of law that do not require an answer, but to the extent an answer is required, they are denied.

59.     Chase incorporates by reference each of its responses to the allegations contained in all prior paragraphs as though fully set forth herein.

60.     Chase admits that plaintiff purports to bring Count I on behalf of the putative class against all defendants, but Chase denies that plaintiff's claims have merit and denies that either plaintiff or members of the proposed class are entitled to any relief.

61.     Chase denies the allegations contained in paragraph 61 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

62.     Chase denies the allegations contained in paragraph 62 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

63.     Chase denies the allegations contained in paragraph 63 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

64.     Chase denies the allegations contained in paragraph 64 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

65.     The first sentence of paragraph 65 asserts a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.  Chase admits that it is legally distinct from Trilegiant, denies that it participates in a Trilegiant Enterprise, and otherwise lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 65 and denies them on that basis.

66.     Chase admits that it is engaged in lawful business activity, including extending lines of credit to consumers throughout the United States.  Chase denies the allegations regarding its supposed participation in racketeering activity.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 66 and denies them on that basis.

67.     Chase denies the allegations contained in paragraph 67 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

68.     Chase denies the allegations contained in paragraph 68 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

69.     Paragraph 69 contains conclusions of law that do not require an answer, but to the extent an answer is required, they are denied.

70.     Chase denies the allegations contained in paragraph 70 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

71.     Chase denies the allegations contained in paragraph 71 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

72.     Chase denies the allegations contained in paragraph 72 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

73.     Chase denies the allegations contained in paragraph 73 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

74.     Chase denies the allegations contained in paragraph 74 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

75.     Chase denies the allegations contained in paragraph 75 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

76.     Paragraph 76 asserts a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.

77.     Paragraph 77 asserts a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.

78.     Paragraph 78 asserts a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.

79.     Paragraph 79 asserts conclusions of law that do not require an answer, but to the extent an answer is required, they are denied.

80.     Paragraph 80 asserts conclusions of law that do not require an answer, but to the extent an answer is required, they are denied.

81.     Paragraph 81 asserts a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.

82.     Paragraph 82 asserts a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.

83.     Paragraph 83 asserts a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.

84.     Chase incorporates by reference each of its responses to the allegations contained in all prior paragraphs as though fully set forth herein.

85.     Chase admits that plaintiff purports to bring Count II on behalf of the putative class against all defendants, but Chase denies that plaintiff's claims have merit and denies that either plaintiff or members of the proposed class are entitled to any relief.

86.     Paragraph 86 asserts a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.

87.     Chase denies the allegations contained in paragraph 87 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

88.     Paragraph 88 asserts a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.

89.     Chase incorporates by reference each of its responses to the allegations contained in all prior paragraphs as though fully set forth herein.

90.     Chase admits that plaintiff purports to bring Count III on behalf of the putative class against defendants other than Chase, but Chase denies that plaintiff's claims have merit and denies that either plaintiff or members of the proposed class are entitled to any relief.

91.     Paragraph 91 asserts a conclusion of law to which no answer is required.

92.     Paragraph 92 asserts a conclusion of law to which no answer is required.

93.     Paragraph 93 asserts a conclusion of law to which no answer is required.

94.     Paragraph 94 asserts conclusions of law and makes allegations pertaining to defendants other than Chase.  No response is necessary, but to the extent an answer is required, Chase denies the allegations contained in paragraph 94.

95.     Paragraph 95 asserts conclusions of law and makes allegations pertaining to defendants other than Chase.  No response is necessary, but to the extent an answer is required, Chase denies the allegations contained in paragraph 95.

96.     Paragraph 96 asserts conclusions of law and makes allegations pertaining to defendants other than Chase.  No response is necessary, but to the extent an answer is required, Chase denies the allegations contained in paragraph 96.

97.     Chase incorporates by reference each of its responses to the allegations contained in all prior paragraphs as though fully set forth herein.

98.     Chase admits that plaintiff purports to bring Count IV on behalf of the putative class against all defendants, but Chase denies that plaintiff's claims have merit and denies that either plaintiff or members of the proposed class are entitled to any relief.

99.     Paragraph 99 asserts conclusions of law that do not require an answer, but to the extent an answer is required, they are denied.

100.    Paragraph 100 contains a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.

101.    Paragraph 101 asserts a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.

102.    Paragraph 102 asserts a conclusion of law that does not require an answer.

103.    Paragraph 103 asserts a conclusion of law that does not require an answer.

104.    Paragraph 104 asserts a conclusion of law that does not require an answer.

105.    Paragraph 105 asserts conclusions of law that do not require an answer.

106.    Chase denies the allegations contained in paragraph 106 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

107.    Paragraph 107 contains a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.

108.    Chase incorporates by reference each of its responses to the allegations contained in all prior paragraphs as though fully set forth herein.

109.    Chase admits that plaintiff purports to bring Count V on behalf of the putative class against all defendants, but Chase denies that plaintiff's claims have merit and denies that either plaintiff or members of the proposed class are entitled to any relief.  Chase also notes that the allegation in paragraph 109 concerning which defendants are targeted by Count V is inconsistent with the description that appears in the heading of Count V.

110.    Paragraph 110 contains a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.

111.    Chase denies the allegations contained in paragraph 111 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

112.    Paragraph 112 asserts a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.

113.    Paragraph 113 asserts a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.

114.    Paragraph 114 asserts a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.

14

115.    Paragraph 115 asserts a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.

116.    Chase incorporates by reference each of its responses to the allegations contained in all prior paragraphs as though fully set forth herein.

117.    Chase admits that plaintiff purports to bring Count VI on behalf of the putative class against 1-800 Flowers.

118.    Paragraph 118 contains allegations pertaining to a defendant other than Chase.  No response is necessary, but to the extent an answer is required, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 and denies them on that basis.

119.    Paragraph 119 contains allegations pertaining to a defendant other than Chase.  No response is necessary, but to the extent an answer is required, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 and denies them on that basis.

120.    Paragraph 120 contains allegations pertaining to a defendant other than Chase.  No response is necessary, but to the extent an answer is required, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 and denies them on that basis.

121.    Paragraph 121 contains allegations pertaining to a defendant other than Chase.  No response is necessary, but to the extent an answer is required, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 and denies them on that basis.

122.    Denied.

123.    Chase admits that its agreements with its cardholders are formed by consent of the parties and supported by proper consideration, and otherwise denies the allegations of paragraph 123 as they pertain to Chase.  To the extent that the allegations of paragraph 123 pertain to parties other than Chase, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 and denies them on that basis.

124.    Paragraph 124 contains allegations pertaining to a defendant other than Chase.  No response is necessary, but to the extent an answer is required, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 and denies them on that basis.

125.    Chase incorporates by reference each of its responses to the allegations contained in all prior paragraphs as though fully set forth herein.

126.    Chase admits that plaintiff purports to bring Count VII on behalf of the putative class against Chase, but Chase denies that plaintiff's claims have merit and denies that either plaintiff or members of the proposed class are entitled to any relief.

127.    Chase admits that it entered into a valid and enforceable contract with plaintiff and other cardholders and denies the remaining allegations contained in paragraph 127.

128.    Denied.

129.    Denied.

130.    Paragraph 130 contains a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.

131.    Chase incorporates by reference each of its responses to the allegations contained in all prior paragraphs as though fully set forth herein.

132.    Chase admits that plaintiff purports to bring Count VIII on behalf of the putative class against all defendants, but Chase denies that plaintiff's claims have merit and denies that either plaintiff or members of the proposed class are entitled to any relief.

133.    Chase denies the allegations contained in paragraph 133 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

134.    Chase denies the allegations contained in paragraph 134 as they pertain to Chase.  Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they pertain to entities other than Chase and denies them on that basis.

135.    Paragraph 135 contains a conclusion of law that does not require an answer, but to the extent an answer is required, it is denied.

136.    Chase admits that plaintiff purports to seek certain remedies, but denies that either plaintiff or members of the proposed class are entitled to any relief.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any element of plaintiff's claims or any issue on which plaintiff bears that burden, Chase asserts the following affirmative defenses:

### First Affirmative Defense

Plaintiff's claims fail to state a claim on which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part by statutes of limitations and/or the doctrines of laches, waiver, ratification, acquiescence, and consent, and by plaintiff's failure to comply with the terms of his cardholder agreement.

### Third Affirmative Defense

Any prayer for damages is barred by plaintiff's failure to take reasonable efforts to mitigate any alleged damages or losses.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the voluntary payments doctrine.

### Fifth Affirmative Defense

Plaintiff's claims may be barred by the terms of his agreement with Trilegiant.

### Sixth Affirmative Defense

Plaintiff's damages, if any, were caused by parties other than Chase.

### Seventh Affirmative Defense

Chase incorporates by reference, as if fully set forth herein, all other affirmative defenses asserted by other defendants to this action, including, but not limited to, the defense that plaintiff must arbitrate his claims.

Chase reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to amend its Answer to assert any such defense.

### PRAYER FOR RELIEF

WHEREFORE, Chase prays for relief as follows:

1.      That plaintiff take nothing by way of the Complaint and that said Complaint be dismissed with prejudice;

2.      That Chase be awarded its fees and costs incurred herein; and

3.      For such other and further relief as this Court may deem proper and just.

Dated:    November 1, 2011                      Respectfully submitted,


                                                COVINGTON & BURLING LLP

                                                By: /s/ Andrew A. Ruffino

                                                Andrew A. Ruffino
                                                The New York Times Building
                                                620 Eighth Avenue
                                                New York, New York 10018
                                                Tel: (212) 841-1097
                                                Fax: (646) 441-9097
                                                aruffino@cov.com

                                                Robert D. Wick
                                                1201 Pennsylvania Avenue, N.W.
                                                Washington, D.C. 20004
                                                Tel: (202) 662-6000
                                                Fax: (202) 662-6291
                                                rwick@cov.com

                                                *Counsel to Defendant Chase Bank USA, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2011, I electronically transmitted the attached document to the clerk of the U.S. District court using the CM/ECF system for filing which will send notification of such filing and transmittal of a Notice of Electronic Filing to all registered parties.

/s/ Andrew A. Ruffino_____

20