UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID FRANK, individually and on behalf of
all others similarly situated,

                Plaintiff,                        **MEMORANDUM AND ORDER**
                                                                     10 CV 5211 (DRH) (ARL)

          - against -

TRILEGIANT CORPORATION, INC.,
AFFINION, INC., 1-800-FLOWERS, INC., and
CHASE BANK USA, N.A.,

               Defendants.
------------------------------------------------------------X
**APPEARANCES:**

**Attorneys for Plaintiff:**

**POMERANTZ HAUDEK GROSSMAN & GROSS**
100 Park Avenue
New York, New York 10017
By:    Anthony Frank Maul, Esq.
         D. Brian Hufford, Esq.
         Jay Douglas Dean, Esq.
         Robert J. Axelrod, Esq.

**SEEGER WEISS, LLP**
One William Street
New York, New York 10004
By:    Christopher A. Seeger, Esq.

**FREED & WEISS LLC**
111 West Washington Street
Suite 1331
Chicago, Illinois 60602
By:    Eric D. Freed, Esq.

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
By:    James E. Cecchi, Esq.

**MARKS & KLEIN LLP**
63 Riverside Avenue
Red Bank, New Jersey 07701
By:     Justin M. Klein, Esq.

**Attorneys for Defendants Trilegiant Corporation, Inc. and Affinion, Inc.**

**MORGAN LEWIS & BOCKIUS**
101 Park Avenue
New York, New York 10178
By:     Bernard J. Gerbutt, III, Esq.

77 West Wacker Drive
Chicago, Illinois 60601
By:     Gregory T. Fouts, Esq. (*Admitted Pro Hac Vice*)
        Kenneth M. Kliebard, Esq. (*Admitted Pro Hac Vice*)

**HOWREY LLP**
601 Lexington Avenue, Floor 54
New York, New York 10022
By:     Richard Corey Worcester, Esq.

**Attorneys for Defendant 1-800-Flowers.com, Inc.**

**CAHILL GORDON & REINDEL LLP**
80 Pine Street
New York, New York 10005
By:     Thomas J. Kavaler, Esq.

**Attorneys for Defendant Chase Bank USA, N.A.**

**COVINGTON & BURLING, LLP**
620 Eighth Avenue
New York, New York 10018
By:     Andrew Arthur Ruffino, Esq.

1200 Pennsylvania Avenue, Nw
Washington, D.C.  20004
By:     Robert D. Wick, Esq.

**HURLEY, Senior District Judge:**

Plaintiff David Frank commenced this action on November 10, 2010 by filing a putative class action complaint (the "Complaint") against defendants Trilegiant Corporation, Inc. ("Trilegiant"), Affinion, Inc. ("Affinion"), 1-800-Flowers.com, Inc. ("Flowers"), and Chase Bank USA, N.A. ("Chase") alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq.* ("ECPA"), the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and asserting various causes of action under Connecticut state law. In essence, plaintiff alleges that Trilegiant and its parent company, Affinion, conspired with Flowers, an online merchant, and Chase, a credit card company, "to levy unauthorized charges on [ ] unsuspecting consumers' credit or debit card accounts" to charge them "[membership] fees [for discount] 'clubs' that consumer[s] never even realized they had signed up for." (Compl. ¶¶ 1, 2.)

On June 15, 2011, Affinion and Trilegiant filed a motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 3. On the same date, Flowers and Chase filed separate motions seeking (1) dismissal of the action pursuant to Federal Rule of Civil Procedure 12(b)(6), and (2) dismissal or a stay of the action pending arbitration. On November 1, 2011, while its motion remained pending, Chase filed an Answer to the Complaint.

In the interim, plaintiff (along with plaintiffs, in four other actions in different courts) made a motion to the United States Panel on Multidistrict Litigation ("JPML"), pursuant to 28 U.S.C. § 1407, seeking coordinated or consolidated pretrial proceedings of six actions in six different districts, and seeking centralization in the District of Connecticut. *See In re Trilegiant Membership Program Mktg. & Sales Practices Litig.*, 2011 WL 6150598, at *1 (J.P.M.L. Dec. 9,

2011). Each of these actions named Trilegiant, Affinion, and Chase (among others) as defendants, and each of the actions asserted, *inter alia*, RICO claims based upon Trilegiant and Affinion's alleged conspiracy with various "internet merchants and credit card companies to gain unauthorized access to consumers' credit or debit cards to assess charges for fee-based membership programs without the consumers' knowledge or consent." *Id.* By Order dated December 9, 2011, the JPML denied the plaintiffs' request, concluding that it was not convinced "that any common factual questions are sufficiently complex or numerous to justify Section 1407 transfer at this time." *Id.*

On December 23, 2011, plaintiff filed a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i) discontinuing this action against Trilegiant, Affinion, and Flowers without prejudice. By Electronic Order dated January 3, 2012, the Court "So Ordered" plaintiff's Notice of Voluntary Dismissal. On January 13, 2012, plaintiff submitted a pre-motion conference letter requesting leave to move for the dismissal of Chase pursuant to Rule 41(a)(2). Presently pending before the Court are: (1) objections by Trilegiant, Affinion, and Flowers to plaintiff's Notice of Voluntary Dismissal as against them, and (2) Chase's opposition to plaintiff's pre-motion conference request. For the reasons set forth below, the Court defers ruling on the objections to plaintiff's Notice of Voluntary Dismissal, and sets a briefing schedule on plaintiff's motion to dismiss the action as against Chase.

## DISCUSSION

I.   *Objections to Plaintiff's Notice of Voluntary Dismissal as Against Trilegiant, Affinion, and Flowers Pursuant to Rule 41(a)(1)(A)(i)*

Trilegiant asserts[1] that plaintiff has failed to properly effectuate voluntary dismissal of the Complaint as against Trilegiant, Affinion, and Flowers because Rule 41(a)(1)(A)(i) "require[s] dismissal of an entire action and not individual defendants," particularly where, as here, one defendant (Chase) has already answered the Complaint. (Trilegiant's Mem. at 4.) Trilegiant further argues that "any dismissal *without* prejudice should be rejected in light of Plaintiff's counsel's transparent attempts at forum shopping after the parties have expended considerable resources preparing dispositive motions in this case." (*Id.*) In particular, Trilegiant notes that although plaintiff's counsel has filed five other cases "alleging nearly identical allegations against Trilegiant," none of those cases were filed in the District of Connecticut. (*Id.*) Trilegiant charges that plaintiff's counsel "watch[ed] their garden of class action cases against Trilegiant and Affinion grow," and is now attempting to "sidestep" the JPML's denial of plaintiff's motion to centralize the cases in the District of Connecticut by simply withdrawing each of the cases and re-filing them in that forum. (*Id.* at 5.) According to Trilegiant, plaintiff's counsel has already begun to file notices of voluntary dismissal "in each of their six cases." (*Id.* at 3.)

II.  *Plaintiff's Notice Pursuant to Rule 41(a)(1)(A)*

Rule 41(a)(1)(A)(i) permits a plaintiff to "dismiss an action without a court order by

---

[1] On January 4, 2012, Trilegiant and Affinion submitted a memorandum of law setting forth their objections to plaintiff's Notice of Voluntary Dismissal. On January 6, 2012, Flowers informed the Court that it "joins in, and adopts in its entirety" the legal arguments asserted by Trilegiant and Affinion. Therefore, for ease of reference, the Court will refer to the arguments made by Trilegiant, Affinion, and Flowers as those asserted by "Trilegiant."

filing[ ] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). A motion to dismiss the Complaint made pursuant to Rule 12(b)(6) "does not terminate the right of dismissal by notice." *Arndt v. UBS AG*, 342 F. Supp. 2d 132, 136 (E.D.N.Y. 2004) (quoting *Horton v. Trans World Airlines Corp.*, 169 F.R.D. 11, 15 (E.D.N.Y. 1996) (finding that, when defendants "merely moved to dismiss plaintiff's complaint pursuant to [Rule] 12(b)(6)," plaintiff's Rule 41(a)(1) Notice was proper)); *see also Int'l Commc'ns, Inc. v. Rates Tech., Inc.*, 1988 WL 49214, at *1 (E.D.N.Y. May 10, 1998) (finding plaintiff could voluntarily withdraw its action pursuant to Rule 41(a)(1) even though defendants had filed a Rule 12(b)(6) motion to dismiss, and even when plaintiff had submitted an affidavit in opposition to that motion); 8 James Wm. Moore et al., Moore's Federal Practice ¶ 41.33[5][c][viii][A] (3d ed. 2000) ("The plaintiff's right to a voluntary dismissal is not extinguished by the filing of a motion to dismiss under [Rule] 12(b) . . . ."). Nor does the filing of a motion to stay proceedings pending arbitration "extinguish the plaintiff's right to file a notice of dismissal." Moore et al., ¶ 41.33[5][c][vii], [viii][D] ("Arguments that other motions or proceedings constitute the 'equivalent' of an answer or motion for summary judgment have been generally unsuccessful.").

Trilegiant argues that "Rule 41(a) speaks of dismissal of an 'action,' not dismissal of a 'party,' and the Second Circuit has interpreted the rule to require dismissal of an entire action and not individual defendants if one defendant has answered." (Defs.' Mem. at 4.) As support for this proposition, Trilegiant relies on the Second Circuit's decision in *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953), where the Circuit held that Rule 41(a)(1) "provides for the voluntary dismissal of an 'action' not a 'claim'; the [word] 'action' as used in

6

the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'" *Id.* at 108. The Circuit concluded that a motion made pursuant to Rule 21, rather than Rule 41, was the proper method to eliminate a single defendant from the action. *Id.*[2]

Following *Harvey Aluminum*, at least one district court agreed "that a notice of dismissal is not the proper vehicle to use when a plaintiff is seeking merely to drop one of several defendants as party to a lawsuit." *Sheldon v. Amperex Elec. Corp.*, 52 F.R.D. 1, 10 (E.D.N.Y. 1971), *aff'd* 449 F.2d 146 (2d Cir. 1971). In a subsequent decision, however, the Second Circuit recognized that its *Harvey Aluminum* holding that "Rule 41(a) may be invoked only to dismiss an entire action but not to dismiss as to only one of several defendants" had "been criticized and is now against the weight of authority." *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985). Although *Wakefield* did not expressly overrule *Harvey Aluminum*, "district courts within the Second Circuit have since adopted the approach of the majority of courts in other circuits – that is, that Rule 41(a) does not require dismissal of the action in its entirety." *Blaize-Sampeur v. McDowell*, 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007) (holding that "Rule 41 allows a plaintiff to withdraw an action as to fewer than all defendants"); *see also Morron v. City of Middletown*, 2006 WL 1455607, at *1 (D.Conn. May 23, 2006) (declining to view *Harvey Aluminum* as binding and holding that "where a party has not yet served an answer or

---

[2] At the time of the *Harvey Aluminum* decision, Rule 21 provided that "'Parties may be dropped or added by order of the court on motion . . . .'" *Harvey Aluminum, Inc.*, 203 F.2d at 108 (quoting Fed. R. Civ. P. 21). The Rule currently reads as follows: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

motion for summary judgment, a plaintiff has a unilateral right to dismiss an action against a particular defendant"); *Guigliano v. Danbury Hosp.*, 396 F. Supp. 2d 220, 224 (D.Conn. 2005) (noting that *Harvey Aluminum* "has been widely criticized and appears to have been disavowed by the Second Circuit," and concluding that "a plaintiff may use Rule 41 to dismiss a nondiverse party provided the party has not yet served an answer or motion for summary judgment"); *Baksh v. James Captain & Citibank, N.A.*, 2000 WL 33177209, at *2 (E.D.N.Y. Dec. 11, 2000) (noting the vast criticism of *Harvey Aluminum* and finding that "[t]he sounder view and the weight of judicial authority is to the contrary") (internal quotation marks omitted).

### III.  *Dismissal of Necessary or Indispensable Parties*

One issue not addressed by the parties, however, is whether a Rule 41(a)(1)(i) dismissal of a defendant is proper when that defendant is a necessary or indispensable party, as those terms have been defined within the context of Rule 19.[3] This concept often arises in the context of a plaintiff who wishes to dismiss one defendant in order to maintain complete diversity for jurisdictional purposes. *See Haase v. Mallenkrodt, Inc.*, 415 F. Supp. 889, 889 n.1 (S.D.N.Y. 1976) (noting that plaintiffs' voluntary dismissal, pursuant to Rule 41(a)(1), of one defendant whose presence destroyed complete diversity was proper because that defendant was "not an indispensable party"). In that context, at least one court has held that an attempt to dismiss a non-diverse defendant pursuant to Rule 41(a)(1) in an effort to "restore diversity jurisdiction"

---

[3] The Second Circuit has noted that as of the December 1, 2007 amendments to the Federal Rules of Civil Procedure, Rule 19 "no longer uses the term 'indispensable.'" *CP Solutions PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 n.2 (2d Cir. 2009). However, because the prior version of the Rule used this term, and thus much of the interpretive case law contains this term, and because "[t]here is no substantive difference between the present rule and the rule as applied by [courts] prior to the 2007 amendment," it is appropriate to reference "indispensable" parties as part of a Rule 19 analysis. *See id.*

was improper when that defendant was "'indispensable' to the litigation." *Global Detection & Reporting, Inc. v. Securetec Detektions-Systeme AG*, 2008 WL 5054728, at *1 (S.D.N.Y. Nov. 21, 2008).

The maxim that Rule 41(a)(1) may not properly be used to dismiss an indispensable party appears to carry over into other contexts as well. In *Harvey Aluminum* the Second Circuit, in refusing to allow plaintiff to dismiss only one defendant pursuant to Rule 41(a)(1), noted that the defendant at issue was "an indispensable party." 203 F.2d at 108. The Circuit was not faced with a situation in which plaintiff's goal was to restore diversity jurisdiction by attempting to drop the non-diverse defendant. Rather, in that case, plaintiffs had obtained an unfavorable ruling from the trial court following a preliminary injunction hearing, during which the trial court found that plaintiffs' "chances of success on the ultimate trial were 'remote, if not completely nil.'" *Harvey Aluminum, Inc.*, 203 F.2d at 107. The plaintiffs apparently sought to discontinue the action entirely and commence a second action in British Guiana. *Id.* In *Wakefield*, the Second Circuit recognized the unique factual scenario present in *Harvey Aluminum* and stated: "It is not clear that the rule laid down in *Harvey Aluminum* was necessary to the result in view of the fact that the party sought to be dismissed was an indispensable party and dismissal under Rule 41(a) might have been an abuse of discretion." *Wakefield*, 769 F.2d at 114 n.4.

## IV.     Further Briefing Required

The parties have not briefed the issue of whether Trilegiant, Affinion, and/or Flowers are indispensable parties under Rule 19, such that their dismissal from the litigation would be improper pursuant to Rule 41(a)(1). The Court notes, however, that plaintiff himself alleges in the Complaint that "[e]ach member of this [allegedly fraudulent] enterprise can be viewed as a

9

leg of a stool, and without one leg, the stool would topple." (Compl. ¶ 62.) As noted below, plaintiff also seeks leave to move to discontinue the action as against Chase pursuant to Rule 41(a)(2). If such a motion is denied, and Chase remains a defendant in this action, there is a strong possibility that the dismissal of Trilegiant, Affinion, and Flowers will be improper pursuant to Rule 41(a)(1) because they will be found to be indispensable parties to the action.

      Accordingly, the Court reserves decision on Trilegiant's motion to vacate plaintiff's Notice of Dismissal against Trilegiant, Affinion, and Flowers pursuant to Rule 41(a)(1). Plaintiff has submitted a pre-motion conference letter requesting leave to move to dismiss Chase pursuant to Rule 41(a)(2) and, in fact, has already submitted its memorandum of law in support of that proposed motion. The Court hereby waives its pre-motion conference requirement and directs Chase to submit a memorandum of law in opposition on or before February 24, 2012. Any reply memorandum shall be filed by plaintiff on or before March 9, 2012.[4] Should the Court deny plaintiff's motion, with the attendant result being that Chase remains as a defendant in this action, the Court will set a briefing schedule to afford plaintiff, Trilegiant, Affinion, and Flowers the opportunity to present the Court with their respective positions, including citations to applicable case law, as to whether Trilegiant, Affinion, and Flowers are indispensable parties such that their dismissal pursuant to Rule 41(a)(1) is improper.

      Should the Court grant plaintiff's motion to dismiss Chase as a defendant pursuant to Rule 41(a)(2), there will no longer be an underlying action to which Trilegiant, Affinion, and Flowers could be indispensable parties. Thus, they would automatically be dismissed from the

---

      [4] Over the objection of Chase, the Court will defer ruling on its pending motion to dismiss until plaintiff's motion to discontinue the action as against Chase has been decided.

action. *See Graham Kandiah, LLC. v. JPMorgan Chase Bank, N.A.*, 2009 WL 1704570, at *2 (S.D.N.Y. June 18, 2009) ("The filing of a notice of dismissal under Rule 41(a)(1) automatically terminates the action without any action by the Court."). Normally, a dismissal pursuant to Rule 41(a)(1) is without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B). However, Rule 41(a)(1)(B) provides that "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." *Id.* Trilegiant has indicated that plaintiff has, in fact, filed notices of dismissal pursuant to Rule 41(a)(1) in actions brought against it in other forums, thereby potentially implicating the above-cited portion of Rule 41(a)(1)(B). Accordingly, if plaintiff's motion to dismiss the action as against Chase is granted, the Court will permit plaintiff, Trilegiant, Affinion, and Flowers the opportunity to brief whether Rule 41(a)(1)(B) has been triggered, and whether their dismissal from this action should be with prejudice. *See Graham Kandiah, LLC,* 2009 WL 1704570 at *2; *Horton*, 169 F.R.D. at 16.

**SO ORDERED.**

Dated: Central Islip, New York
      January 24, 2012                                /s/
                                                      Denis R. Hurley
                                                      Unites States District Judge