UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DAVID FRANK, individually and on behalf of all others similarly situated,

                Plaintiff,

– against –

TRILEGIANT CORPORATION, INC., AFFINION GROUP, LLC, 1-800-FLOWERS.COM, INC., and CHASE BANK USA, N.A.,

                Defendants.

10-CV-5211 (DRH)(ARL)

---

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO F. R. CIV. P. 41(a)(2)

Robert J. Axelrod
Jay Douglas Dean
POMERANTZ HAUDEK BLOCK
  GROSSMAN & GROSS LLP
100 Park Avenue
New York, New York 10017
(212) 661-1100

Jeffrey A. Leon
Paul Y. Cho
COMPLEX LITIGATION GROUP, LLC
111 West Washington Street
Suite 1331
Chicago, IL 60602
(312) 220-0000

*Counsel for Plaintiff and the Putative Classes*

[Additional Counsel on Signature Page]

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ........................................................................................................................ 3

I.   THE PENDENCY OF CHASE'S RULE 12(b) MOTION IS IMMATERIAL
TO THE RULE 41(a)(2) FACTORS ................................................................................. 3

   A.   Pendency of Rule 12 Motion Is But One Factor In Rule 41(a)(2) Analysis for Voluntary
   Dismissal, Which Courts Routinely Grant ................................................................. 3

   B.   Resolution of Chase's Rule 12 Motion Here Will Not Resolve Chase's or Any Other
   Defendants' Culpability In the Omnibus Connecticut Action ..................................... 5

II.   CHASE, NOT PLAINTIFF'S COUNSEL, IS ENGAGED IN IMPERMISSIBLE
FORUM SHOPPING ........................................................................................................... 6

   A.   The Presence of Multiple Identical Actions against Chase Shows the Pervasiveness of the
   Fraudulent Scheme, Not Plaintiff's Attempt to Forum Shop ...................................... 6

   B.   Plaintiff's Counsel Showed Their Utmost Respect by Not Filing the MDL Petition Until
   the Number of Related Actions Became Unwieldy .................................................... 7

   C.   Chase Ignores That the JPML Declined to Consolidate the Related Cases in the Eastern
   District of New York, And Attempts to Steer Away From the First-Filed And Most-Advanced
   Action In Connecticut ................................................................................................. 8

CONCLUSION .................................................................................................................... 9

# TABLE OF AUTHORITIES

## Cases

*Ames v. Clifford*, 1996 WL 563098 (S.D.N.Y. Oct. 2, 1996) ....................................................... 3

*Benney v. QuikTrip Corp.*, 2010 WL 5463252 (W.D. Mo. Dec. 29, 2010) ................................. 4

*Davis v. USX Corp.*, 819 F.2d 1270 (4th Cir. 1987) ..................................................................... 4

*DuToit v. Strategic Minerals Corp.*, 136 F.R.D. 82 (D. Del. 1991) ............................................. 4

*FMC Corp. v. United States Environmental Protection Agency*, 2011 WL 5830763 (D.D.C. Nov. 21, 2011) .................................................................................................................................. 4

*Icon Licensing Group, LLC v. Innovo Azteca Apparel, Inc.*, 2005 WL 992001 (S.D.N.Y. April 27, 2005) 3

*In re FNMA Securities, Derivative, ERISA Litigation*, 725 F. Supp. 2d 147 (D.D.C. 2010) ........................ 4

*In re Trilegiant Membership Program Mktg. & Sales Practice Litig.*, No. MDL 2310, 2011 WL 6150598 (J.P.M.L. Dec. 9, 2011) .................................................................................................................. 2

*Jones v. South Central Power Co.*, 2005 WL 1309088 (S.D. Ohio May 31, 2005) ..................... 4

*Kelm v. Chase Bank USA, N.A., et al.*, Case No. 3:12-cv-00332 (D. Conn.) ................................ 1

*Luckey v. Butler County*, 2006 WL 91592 (S.D. Ohio, Jan. 13, 2006) ......................................... 4

*Lutts v. Smithkline Beecham Clinical Labs., Inc.*, 1999 WL 102749 (N.D.N.Y. Feb. 24, 1999) ................. 3

*Metropolitan Federal Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257 (8th Cir. 1993) .............. 4

*Mitchell-Jones v. Menzies Aviation, Inc.*, 2011 WL 3273221 (W.D. Wash. July 28, 2011) ......................... 4

*Pac. Elec. Wire & Cable Co., Ltd. v. Set Top Int'l, Inc.*, 2005 WL 578916 (S.D.N.Y. Mar. 11, 2005) ....... 3

*ParamesWaran v. Mysorekar*, 2006 WL 3393688 (E.D.N.Y. Sept. 22, 2006) ......................... 1, 3

*Petroval Bunker Int'l B.V. v. CMA CGM S.A.*, 636 F. Supp. 2d 300 (S.D.N.Y. 2004) ................ 6

*Puerto Rico Maritime Shipping Authority v. Leith*, 668 F.2d 46 (1st Cir. 1981) ........................ 4

*Robinson v. Cheetah Transp.*, 2007 WL 276197 (W.D. La. Jan. 25, 2007) ................................. 4

*Smith v. McArthur*, 1998 WL 834324 (W.D. Wash. Aug. 26, 1998) ............................................. 4

*Soul Circus, Inc. v. Trevanna Entertainment, Inc.*, 249 F.R.D. 109 (2008) ................................ 6

*Warfel v. Chase Bank USA, N.A.*, 2012 WL 441135 (S.D. Ohio, Feb. 10, 2012) ........................... 2, 4, 6, 7

*White v. Donley*, 2008 WL 4184651 (C.D. Cal. Sept. 4, 2008) .................................................... 4

## Rules

F. R. Civ. P. 12(b) .................................................................................................................. 1, 3, 7

## INTRODUCTION

Chase has filed a response brief long on *ad hominem* attacks but short on common sense. Chase cannot escape the fact that it has been sued in the District of Connecticut for the same conduct along with four other credit card defendants and thirteen merchant defendants. (*See Kelm v. Chase Bank USA, N.A., et al.*, Case No. 3:12-cv-00332 (D. Conn.), attached as Ex. 1). The new complaint has a radically revised pleading of the RICO claims which accounts for the broader conspiracy alleged. The presence of the Connecticut complaint destroys the sole rationale Chase advances in opposition to voluntary dismissal here. Indeed, Chase admits that the *only* factual difference between this case and the three related actions in other district courts where the plaintiffs have obtained voluntary dismissals on Rule 41(a)(2) motions[1] is that a Rule 12 motion is currently pending in this case. Even if this rationale were compelling (it is not), it is eviscerated by the fact that Chase's motion will not resolve the Connecticut case because of the differences in the way the RICO claims have been pled and given the vast differences in the named parties.

Even if the pending Rule 12 motion could impact the case against Chase in Connecticut, it would not be a valid basis to deny Rule 41(a)(2) dismissal, especially when Chase only answered the complaint (four months after it filed its Rule 12 motion and while that motion was pending) as a tactic to deny the ability to voluntarily dismiss as of right. There is ample precedent in this Circuit for granting Rule 41(a)(2) motions for voluntary dismissal even when Rule 12(b) motions remain pending. For example, Judge Joseph Bianco of this district granted the plaintiff's Rule 41(a)(2) motion for voluntary dismissal in *ParamesWaran v. Mysorekar*, 2006 WL 3393688 (E.D.N.Y. Sept. 22, 2006), "although the case has been pending for over a

---

[1] One of the three related actions, *Chase v. Warfel*, has been voluntarily dismissed by Judge Gregory Frost of the Southern District of Ohio over Chase's objections. Shortly thereafter, Chase stipulated to voluntarily dismiss the other two cases in light of Judge Frost's ruling.

1

year, and **the motion filed by defendants is filed as a motion to dismiss**, or in the alternative, one for summary judgment." *Id*. at *4 (terminating the pending Rule 12(b) motion to dismiss filed by the defendant). Chase cannot dispute such clear binding authority and, in fact, does not. Instead, it cites factually inapposite non-binding cases, none of which even stands for the purported proposition that a pending Rule 12(b) motion conclusively establishes that a defendant would suffer a "plain legal prejudice" if the case is voluntarily dismissed without prejudice. As such, Chase's contention that it will suffer plain legal prejudice simply because a fully renewable Rule 12(b) motion is currently pending before this Court is without merit.

Chase's response also chooses to repeat the same line of *ad hominem* attacks on Plaintiff's counsel which have already been thoroughly rejected by another District Court that was presented the same allegations of forum shopping:

> **Contrary to Chase's view, the Court also finds that Plaintiff has given sufficient explanation as to why she requests dismissal**. Plaintiff applied to the Judicial Panel in order to consolidate her case with others alleging similar facts; she now seeks to accomplish that goal in a more informal manner. The Judicial Panel denied the MDL request because the complaints differed regarding some of the named defendants and the "alleg[ed] varied RICO enterprises." The Judicial Panel noted that there were "relatively few involved counsel [in the six actions]" which would "facilitate informal coordination and cooperation across the actions." **Nothing in the Order suggests that the Judicial Panel would be opposed to informal consolidation or that filing a new omnibus complaint against all defendants would somehow "circumvent" the Panel's order**.

*Warfel v. Chase Bank USA, N.A.*, 2012 WL 441135, *4 (S.D. Ohio, Feb. 10, 2012) (quoting *In re Trilegiant Membership Program Mktg. & Sales Practice Litig.*, No. MDL 2310, 2011 WL 6150598, at *1 (J.P.M.L. Dec. 9, 2011)) (emphasis added).[2]

---

[2] Neither the JPML nor the *Warfel* court found any relevance to Chase's characterization that this case is the first-filed action among all the related actions.

## ARGUMENT

I. **THE PENDENCY OF CHASE'S RULE 12(b) MOTION IS IMMATERIAL TO THE RULE 41(a)(2) FACTORS**

    A. **Pendency of Rule 12 Motion Is But One Factor In Rule 41(a)(2) Analysis for Voluntary Dismissal, Which Courts Routinely Grant**

*All* of the related cases save this one have been voluntarily dismissed and have been consolidated into the omnibus complaint recently filed in the District of Connecticut. Chase seeks to keep this case before this Court predicated solely upon the fact that a Rule 12(b) motion is currently pending before this Court. Chase asserts without any elaboration that it would suffer "plain legal prejudice" if the Court dismisses without ruling on Chase's Rule 12(b) motion. But this is clearly not "plain legal prejudice" as courts in this Circuit routinely grant Rule 41(a)(2) motion despite the pendency of Rule 12(b) motions. *See ParamesWaran*, 2006 WL 3393688, at *4 (dismissing the case without prejudice and terminating the pending Rule 12(b) motion to dismiss because the pendency of the Rule 12(b) motion "does not weigh in favor of defendants"); *Icon Licensing Group, LLC v. Innovo Azteca Apparel, Inc.*, 2005 WL 992001, at *4 (S.D.N.Y. April 27, 2005) (granting plaintiff's Rule 41(a)(2) motion for voluntary dismissal without prejudice and ruling that "a motion to dismiss pursuant to Rule 12(c) is moot"); *Pac. Elec. Wire & Cable Co., Ltd. v. Set Top Int'l, Inc.*, 2005 WL 578916, at *5 (S.D.N.Y. Mar. 11, 2005) ("The Court first takes up [p]laintiffs' motion to dismiss [pursuant to Rule 41(a)(2)] because a dismissal here moots the other pending motions . . . ."); *Lutts v. Smithkline Beecham Clinical Labs., Inc.*, 1999 WL 102749, at *1 (N.D.N.Y. Feb. 24, 1999) ("[P]laintiff's motion to dismiss the action without prejudice is granted, and all remaining motions are denied as moot."); *Ames v. Clifford*, 1996 WL 563098, at *1 (S.D.N.Y. Oct. 2, 1996) (granting the plaintiff's motion for voluntary dismissal because "the work involved in their motion to dismiss . . . will be

3

useable in a subsequent action . . . .").[3] Chase makes no effort to explain why it would be prejudiced in a way that the defendants in these Second Circuit cases were not prejudiced. It is also telling that Chase does not even acknowledge the above cited authority from this Circuit and instead relies on inapposite authority from other Circuits.[4] Thus, the pendency of Chase's Rule

---

[3] Cases outside this Circuit are not to the contrary. *See DuToit v. Strategic Minerals Corp.*, 136 F.R.D. 82, 85-86 (D. Del. 1991) ("The case law suggest that a **plaintiff's purported desire to avoid a potential adverse determination does not warrant denial of voluntary dismissal** unless the plaintiff's motion follows an **indication by the court that it intends to rule against** the plaintiff on the pending motion."); *Davis v. USX Corp.*, 819 F.2d 1270, 1277 (4th Cir. 1987) (stating that voluntary dismissal should not be allowed "**after** losing on the merits or seeing the adverse handwriting on the wall in the first chosen forum."); *Puerto Rico Maritime Shipping Authority v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981) ("We conclude that the district court did not err in addressing the plaintiff's motion under Rule 41(a)(2) **without regard to the defendants' pending motion to dismiss**."); *Luckey v. Butler County*, 2006 WL 91592, at *2 (S.D. Ohio, Jan. 13, 2006) (granting the motion for voluntary dismissal and terminating a pending Rule 12 motion as moot); *FMC Corp. v. United States Environmental Protection Agency*, 2011 WL 5830763, at *1 (D.D.C. Nov. 21, 2011) (granting plaintiff's motion for voluntary dismissal without prejudice over defendants' request to resolve their pending motion for summary judgment); *Benney v. QuikTrip Corp.*, 2010 WL 5463252 (W.D. Mo. Dec. 29, 2010) ("While a pending motion for summary judgment is a factor . . ., it is not by itself dispositive.") (quoting *Metropolitan Federal Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993)); *Smith v. McArthur*, 1998 WL 834324, at *1 (W.D. Wash. Aug. 26, 1998) ("Plaintiff's motion for voluntary dismissal should be granted, and the complaint and action should be dismissed without prejudice . . . . The various defendants' **pending motions to dismiss and for summary judgment should be stricken as moot**."); *Mitchell-Jones v. Menzies Aviation, Inc.*, 2011 WL 3273221, *3 (W.D. Wash. July 28, 2011) ("[A] pending motion for summary judgment is **only a factor** to be considered and does not mandate that dismissal under Rule 41(a)(2) is inappropriate.").

[4] Chase cites *In re FNMA Sec., Derivative, ERISA Litig.*, 725 F. Supp. 2d 147 (D.D.C. 2010) for the proposition that it would suffer "plain legal prejudice" if its Rule 12 motion to dismiss is mooted. Unlike here, where the *Warfel* court determined that Plaintiff's counsel's explanation for requesting voluntary dismissal more than adequate, the court in *FNMA* found that the plaintiff's explanation for requesting voluntary dismissal unconvincing. *Id*. at 154. In addition, the dispositive motion in *In re FNMA* was based on claim preclusion, where the plaintiff's request to bifurcate his claim from the consolidated case has already been denied, which was then fully adjudicated on the merits. *Id*. at 150. Here, there is no consolidated case where a final judgment on the merits has been entered on any issue. Similarly, the basis for denying the motion for voluntary dismissal in *Jones v. South Central Power Co.*, 2005 WL 1309088 (S.D. Ohio May 31, 2005) was not the pendency of a Rule 12 motion. Rather, the court found that the defendant "have invested substantial time, effort and expense" in defending the action, in part by responding to the plaintiff's motion to vacate the arbitration award and by participating in pretrial conference. *Id*. at *1. Importantly, the *Jones* court found it significant that "Plaintiff acknowledges that he seeks the voluntary dismissal . . . only to avoid the possible *res judicata* effect that a negative ruling in the present action might have on that other litigation." *Id*. at 2. Here, Plaintiff has repeated made clear, and the *Warfel* court agreed, that there is no such ill-motive behind requesting voluntary dismissal. The *Jones* court also limited the significance of a pending dispositive motion to a situation "**when the law clearly dictates a result**." *Id*. No such clear result can be predicted on Chase's Rule 12 motion here. A similar limiting language appears in *Robinson v. Cheetah Transp.*, 2007 WL 276197 (W.D. La. Jan. 25, 2007), stating that voluntary dismissal is inappropriate "when a plaintiff seeks to circumvent an **expected** adverse result." *Id*. at *1. Further, the basis of the *Robinson* ruling is not the defendant's pending motion to dismiss. Rather, the court heavily relied on the fact that: (1) the case involved "numerous motions and appeals" which "required the expenditures of significant time and resources"; (2) the motion for voluntary dismissal was filed only "after two adverse rulings on [plaintiff's] motions to remand", and (3) the plaintiffs are "attempt[ing] to evade federal jurisdiction." *Id*. at *2. None of those considerations are present here. Likewise, the primary basis for denying the plaintiff's request for voluntary dismissal in *White v. Donley*, 2008 WL 4184651 (C.D. Cal. Sept. 4, 2008) was the plaintiff's ill-motive "to avoid an adverse ruling", to "manufacture appellate jurisdiction", and to

4

12(b) motion does not as a matter of law create "plain legal prejudice" to Chase sufficient for this Court to deny Plaintiff's request for voluntary dismissal without prejudice.

      **B.     Resolution of Chase's Rule 12 Motion Here Will Not Resolve Chase's or Any Other Defendants' Culpability In the Omnibus Connecticut Action**

Further, because the new omnibus action in Connecticut involves RICO enterprises that extend far beyond just the three named defendants in this action, even in the unlikely event Chase's Rule 12 motion here were to be resolved in its favor, it would not resolve Chase's liability in the Connecticut case. At best, a resolution of Chase's pending Rule 12 motion would impact the discrete enterprise alleged here consisting of just three named parties (Affinion/Trilegiant, 1-800-Flowers, and Chase) – it would have absolutely no bearing upon Chase's role in the various RICO enterprises alleged in the Connecticut action involving twenty-one defendants, comprised of five credit card defendants, thirteen merchant defendants, and three Trilegiant defendants. For example, the plaintiff-specific enterprise surrounding the plaintiff's particular transactions with various RICO defendants (Ex. 1, ¶ 89(a)) will be entirely unaffected by any adjudication on the sufficiency of the pleading regarding the tripartite enterprise among Trilegiant, Chase, and 1-800-Flowers. Likewise, whether the RICO enterprise consisting of all twenty-one named defendants in the Connecticut action (Ex. 1, ¶ 89(c)), as well as the massive enterprise consisting of not only the named defendants, but also "all unnamed co-conspirators and aiders and abettors," (Ex. 1, ¶ 89(d)) have been sufficiently pled is not at all predicated upon whether the enterprise alleged here among the three named defendants meets the pleading standard. As such, contrary to Chase's assertion, a decision not to adjudicate Chase's Rule 12

---

"raise his claims anew before the EEOC", when the case is already well beyond discovery and class certification phase, past even the denial of appeal for lack of jurisdiction. Here, no ruling of any sort has been entered, no discovery has been initiated, and certainly no appeal has been taken.

motion would not in any way cause the "plain legal prejudice" required to deny Plaintiff's motion for voluntary dismissal.

## II. CHASE, NOT PLAINTIFF'S COUNSEL, IS ENGAGED IN IMPERMISSIBLE FORUM SHOPPING

### A. The Presence of Multiple Identical Actions against Chase Shows the Pervasiveness of the Fraudulent Scheme, Not Plaintiff's Attempt to Forum Shop

Chase's false and unsupported accusation that Plaintiff's counsel has engaged in "abusive tactics" of exploiting the MDL process to forum shop "[a]fter observing the development of the *Schnabel* action" for a year has been conclusively addressed multiple times during the course of this litigation in other fora, including in the MDL proceeding. Indeed, in granting the plaintiff's motion for voluntary dismissal over Chase's objection, Judge Frost clearly acknowledged that "**[n]othing in the [JPML] Order suggests that the Judicial Panel would be opposed to informal consolidation or that filing a new omnibus complaint against all defendants would somehow 'circumvent' the Panel's order**." *Warfel*, 2012 WL 441135, at *4. Judge Frost's cogent analysis conclusively establishes that it is Chase, not Plaintiff, who is attempting to impermissibly expand the scope of – indeed, contradict – the JPML's order.[5]

---

[5] The principal case upon which Chase relied, *Ruth v. Purdue Pharma Co.*, 225 F.R.D. 434 (S.D.N.Y. 2004), actually *supports* Plaintiff's argument that voluntary dismissal should be granted. Aside from the fact that both the *Warfel* court and Plaintiff's counsel have consistently refuted that Plaintiff is somehow engaged in "narrow-gauge judge shopping" and "exploratory filings to test the waters", *id.* at 435, the *Ruth* court *granted* plaintiff's motion for voluntary dismissal because "the claim that plaintiff's short stint in this district was inappropriate and abusive is **entirely speculative**, and defendants provide **no actual evidence** in its support." *Id.* Just so here. Likewise, *Petroval Bunker Int'l B.V. v. CMA CGM S.A.*, 636 F. Supp. 2d 300 (S.D.N.Y. 2004) is factually inapposite. *Petroval* was a factually unique case where the plaintiff obtained a Rule B maritime attachment order which was "never utilized." *Id.* at 304. The apparent purpose behind "consum[ing] the court's time by bringing a proceeding to obtain an order that was never utilized" was to gain a bargaining chip in the settlement negotiation, which formed the basis of the court's dismissing the case with prejudice. *Id.* Here, Plaintiff did not waste the Court's time in any way to obtain some bargaining advantage in some hypothetical settlement negotiations. Further, unlike here, the court in *Soul Circus, Inc. v. Trevanna Entertainment, Inc.*, 249 F.R.D. 109 (2008) found that the plaintiff's explanation for moving to voluntarily dismiss without prejudice only makes sense if the dismissal request was *with prejudice*, because the "stated basis for the motion", which was to "avoid legal expenses" in light of the fact that the injunction sought was voluntarily taken up by the defendant, is not served by insisting on a dismissal without prejudice. *Id.* at 110. Further, the court in *Soul Circus* had previously issued its assessment of the case that the

6

Despite such a thorough rejection of Chase's false *ad hominem* characterization of what transpired in these cases, Chase continues to assert that Plaintiff's counsel, who are intimately familiar with the MDL process as their entire practice consists of nationwide class actions, engaged in impermissible forum shopping and made it outwardly clear to everyone. Aside from continuing to ignore both the *Warfel* opinion and Plaintiff's counsel's candid, firsthand explanation of their decision-making process, Chase's ludicrous assertion that Plaintiff's counsel openly invited judicial wrath by engaging in such an obviously unlawful tactic to abuse the MDL process is directly contrary to facts. Since the *Schnabel* action was filed on June 17, 2010, many other consumers who have similarly fallen victim to Trilegiant's fraudulent marketing scheme have contacted Plaintiff's counsel seeking redress. Because these additional victims were residents of various states throughout the United States, it was perfectly reasonable for Plaintiff's counsel to file complaints on behalf of these victims in a court sitting in a jurisdiction where these victims reside. The fact that Trilegiant's victims reside *everywhere* around the country was certainly not, and could not be, engineered by Plaintiff's purported plan to forum shop. Indeed, what it does show is that Trilegiant's fraudulent marketing scheme knows no geographic bounds, and the very ubiquitous nature of Trilegiant's scheme directly led to multiple cases being filed in multiple jurisdictions around the country.

### B. Plaintiff's Counsel Showed Their Utmost Respect by Not Filing the MDL Petition Until the Number of Related Actions Became Unwieldy

Further, consistent with the JPML's position, Plaintiff's counsel was in no position to seek a formal consolidation through the MDL process when only a couple of related cases were filed against the Trilegiant defendants and their cohorts, including Chase. The JPML has made it

---

"plaintiff did not seem to be in a very strong position", a pivotal fact that suggests that the plaintiff is trying to "avoid an adverse determination." *Id*. Here, because there is no indication whatsoever that the Court plans to adjudicate Chase's Rule 12(b) motion in favor of Chase, there is no *expected* adverse determination to avoid.

7

clear that the small number of related cases is all but dispositive in declining to consolidate the two related cases in a similar MDL proceeding against another online marketing entity. *In re: Trilegiant*, 2011 WL 6150598, at *2 ("The Panel [declined to centralize] in large part because the motion encompassed **only two actions** . . . ."). Only when the number of victims who desired to pursue legal actions against Trilegiant grew well beyond the initial two did it become appropriate for Plaintiff's counsel to even consider consolidating these cases through the formal MDL process. Therefore, the fact that a year has lapsed between the first-filed action in Connecticut and the filing of the MDL petition indisputably attests to Plaintiff's counsel's utmost respect for the judiciary, particularly for the MDL proceedings before the JPML.

      C.      **Chase Ignores That the JPML Declined to Consolidate the Related Cases in the Eastern District of New York, And Attempts to Steer Away From the First-Filed And Most-Advanced Action In Connecticut**

Chase also conveniently ignores that it never objected to the consolidation of the related cases before the JPML, and it in fact *supported* consolidation of all related cases with this action. The JPML *denied* such a request, favoring informal coordination over any formal MDL consolidation. Indeed, it is Chase who wants to "circumvent the MDL order" (Chase Brf. at 5) that did not find consolidation in this district appropriate, and forum shop away from Connecticut where discovery and class certification briefing is well under way in the first-filed action in *Schnabel*. Unlike Chase, Plaintiff's perspective is informed by the efficiency of consolidation of all actions against Trilegiant, not just those involving Chase, and a recognition of the advanced state of the litigation in front of Judge Hall.

## **CONCLUSION**

For the reasons discussed above, Plaintiff respectfully requests that, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, this Court dismiss this case against Chase without prejudice.

Dated: March 9, 2012

By: /s/ Robert J. Axelrod
Robert J. Axelrod
Jay Douglas Dean
POMERANTZ HAUDEK BLOCK
  GROSSMAN & GROSS LLP
100 Park Avenue
New York, New York 10017
(212) 661-1100

Jeffrey A. Leon
Paul Y. Cho
COMPLEX LITIGATION GROUP, LLC
513 Central Avenue
Suite 300
Highland Park, Illinois 60035
847-433-4500

ANDREW P. BLEIMAN, ESQ.
2 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
(312) 206-5162

James E. Cecchi
CARELLA, BYRNE, CECCHI,
  OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700

Christopher A. Seeger
SEEGER WEISS LLP
One William Street
New York, NY 10004
212-584-0700

9

                    Justin M. Klein
                    MARKS & KLEIN, LLP
                    55 Wall Street
                    New York, New York 10005
                    (732) 747-7400

*Counsel for Plaintiff and the Putative Classes*